**Paul Neal COSHATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–87–00452–CR.

Court of Appeals of Texas, Dallas.

Dec. 21, 1987.

James P. Finstrom, Jefferson, for appellant.

Michael L. Strasser, Greenville, for appellee.

Before HOWELL, HECHT and BAKER, JJ.

BAKER, Justice.

Paul Neal Coshatt appeals from an aggravated assault conviction for which the trial court assessed a three-year probated sentence. In his first two points of error, appellant challenges the sufficiency of the evidence to show that the complainant suffered serious bodily injury and that her injuries were in fact caused by his kicking and stomping her with his feet. In his third point of error, he claims the trial court should have dismissed the case due to the State's failure to comply with the Speedy Trial Act. We disagree and affirm the judgment.

When reviewing a sufficiency of the evidence claim, the standard is whether any rational trier of fact could have found the appellant guilty beyond a reasonable doubt after considering all the evidence in the light most favorable to the verdict. *Van Guilder v. State*, 709 S.W.2d 178, 179 (Tex. Crim.App.1985). The evidence reveals that appellant physically assaulted his wife Darlean Coshatt during an argument at their apartment. At trial, the State's principal evidence consisted of the wife's testimony, the medical records of the injuries she sustained, and the testimony of an eyewitness to part of the assault.

The appellant's wife testified that appellant repeatedly hit and kicked her about her body and back as he grabbed her by the throat, choking her as he dragged her down the hallway and outside where he threw her on the ground, and repeatedly slammed her head into the cement walkway until she fell unconscious. He then dragged her by her throat back into their apartment. She testified that before the attack she had no back problems but now suffers from a partial loss of the use of her back. She stated that she suffered a protracted impairment of the use of her back as a result of the blows inflicted by appellant's kicks to her back.

The medical records introduced at trial showed that appellant's wife was diagnosed as suffering from a "compression fracture of the L2 vertebral body." The records reflect that upon her admission to the hospital she was told that acute injuries were possible including spinal stenosis, neurological compromise, weight complications, and other potential problems. The records also stated the following:

Following application of the Jewett brace, the patient was able to arise and ambulate. She was discharged home with minimal activity, importance of remaining predominately at bed rest with the back extended and only being up for brief periods of time for at least six

weeks. The patient was to avoid riding in a car for six weeks. Thereafter, she is permitted to ride for short trips (less than 50 miles) with the Jewett brace on at all times while in the car. She is to refrain from any heavy work or other activities for six weeks to three months.

The eyewitness testified that as she looked out her open bedroom window she saw appellant's wife screaming as she ran across the parking lot. According to the witness, appellant caught up with his wife just outside the witness' window where he pulled his wife to the ground, grabbed her by the hair and repeatedly smashed her head into the cement and kicked and stomped her with his boots. The witness also stated that appellant stopped beating and kicking his wife to drag her around the corner toward their apartment. Thereafter, the witness called the police.

Appellant offered a different version of the occurrence. He stated that he had been told that his wife had been fired from her job because she was "stepping out" with the manager. When he confronted her with this, "she went crazy" and started hitting and kicking him. He denied ever kicking, stomping or slamming her head into the concrete, and stated he only restrained her in an attempt to protect himself. Furthermore, he said she tripped in a hole in the sidewalk as she ran outside. In addition, he testified that, when he first met her at a "Git-it-Kwik" convenience store eight months before the assault, she was wearing a neck brace because she had been in an automobile accident in which she received whiplash and back injuries.

In his first point of error, appellant contends that the evidence is insufficient to show that the complainant suffered serious bodily injury. He argues that no evidence was offered to show that she suffered a substantial risk of death or a serious permanent disfigurement. He asserts that the issue is whether the impaired use of her back shows a "protracted loss or impairment of the function of any bodily member or organ." He urges that the back is not a member of the body as contemplated by section 1.07(a)(34) of the Texas Penal Code

in its definition of serious bodily injury. He further argues that, because the injury and its effects were not obvious, expert medical testimony was required in order to show that his wife suffered serious bodily injury. The State claims the evidence is sufficient to convince any rational trier of fact that his wife suffered serious bodily injury. We agree.

■ Section 1.07(a)(34) of the Texas Penal Code defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, *or protracted loss or impairment of the function of any bodily member or organ.*" [Emphasis added]. We reject appellant's contention that the back is not a member of the body as defined in section 1.07(a)(34). The Texas Penal Code does not define the phrase "bodily member or organ" and the only Texas court to specifically address the construction of that phrase was the Amarillo Court of Appeals in *Lenzy v. State,* 689 S.W.2d 305, 310 (Tex.App.—Amarillo 1985, no pet.) (holding that teeth come within meaning of "bodily member or organ"). In *Lenzy,* the court reasoned that, absent a statutory definition, the term must be "taken and understood in its usual acceptation in common language." *Id.* at 310 (quoting TEX.CODE CRIM.PROC.ANN. art. 3.01 (Vernon 1977)). The court defined bodily member as "[a] *part* or organ of the body; especially a limb or other separate part." *Id.* at 310 (quoting BLACK'S LAW DICTIONARY 887 (5th Ed.1979)). [Emphasis added]. Therefore, it is necessary to ascertain the common meaning of the term "bodily member" as it pertains to the back.

At least one Texas court has defined the term back, as relating to the body, as "the whole hinder *part* or surface of a man's body." *Traders & General Ins. Co. v. Linceum,* 126 S.W.2d 692, 695 (Tex.Civ. App.—Fort Worth 1939, no writ). [Emphasis added]. As the court in *Lenzy* held, the common meaning of the term "bodily member" is any *part* of the body. Therefore, common usage as well as the legal definition suggested above leads us to hold that the back is a separate definable part of the

**636**

body sufficient to bring it within the statutory term "bodily member or organ."

 Appellant next contends that expert testimony was required to establish the nature of the injuries sustained by his wife. We disagree. The rule is well established that a person who receives injuries is qualified to express an opinion as to the severity of those injuries. *Hart v. State,* 581 S.W. 2d 675, 677 (Tex.Crim.App.1979); *see also Denham v. State,* 574 S.W.2d 129, 131 (Tex.Crim.App.1978) (lay opinion concerning physical condition competent). Therefore, the appellant's wife's testimony that she lost the partial use of her back as a result of the injuries inflicted by the appellant is sufficient evidence to establish the impairment of the function of a body member. *Compare Botello v. State,* 693 S.W.2d 528 (Tex.App.—Corpus Christi 1985, pet. ref'd) (victim's testimony of partial loss of use of hand due to assault sufficient evidence). Consequently, the evidence reveals, viewed in the light most favorable to the verdict, that the appellant's wife suffered a fractured vertebra resulting in the partial loss of the use of her back. She was instructed to remain predominately in bed with her back extended for at least six weeks and to refrain from any heavy work for three months. Thus, her injuries resulted in a "protracted impairment" of the use of her back. Accordingly, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant's first point of error is overruled.

 In his second point of error, appellant claims the evidence is insufficient to prove that appellant's injuries were caused by his kicking and stomping her with his feet. He claims that because his wife could not identify which blow fractured her vertebral body, and in the absence of any proof that hitting, or the rest of the assault did not cause the fracture, there is insufficient evidence to support the conviction. Appellant's claim is without merit. Appellant's wife testified that appellant kicked her in the back where she sustained the fracture. We hold that this is sufficient evidence to convince any rational trier of

fact beyond a reasonable doubt that the appellant caused his wife's injuries by kicking her in the back with his feet. Appellant's second point of error is overruled.

In his last point of error, appellant contends that his motion to dismiss should have been granted because the State failed to comply with the Speedy Trial Act. The Court of Criminal Appeals recently held the Speedy Trial Act unconstitutional. *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App. 1987). Appellant's third point of error is overruled.

The trial court's judgment is affirmed.