Affirmed and Memorandum Opinion filed August 30, 2005









Affirmed and Memorandum Opinion filed August 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00164-CR

NO. 14-04-00165-CR

____________

 

LEO
HAMPTON HOUSLEY, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 932,604 & 932,605

______________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Leo Hampton Housley,
was convicted by a jury in a single trial for the felony offenses of sexual
assault (trial court cause number 932,605) and aggravated assault (trial court
cause number 932,604).  The jury assessed
punishment in each cause at twenty years=
confinement and the trial court ordered the sentences to run concurrently.  Asserting four points of error in two separate
briefs, appellant contends the evidence is legally and factually insufficient
to sustain his convictions.  We
affirm.  








FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Leo Hampton Housley,
began dating the complainant in August 2001, and by October 2001, they were
living together and sexually involved. 
Appellant and the complainant planned to marry on November 22, 2002. When
the proposed wedding date arrived the couple had made no preparations and had
not received a marriage license.  On that
day, the complainant told appellant she did not wish to marry him.  According to the complainant, her news did
not appear to bother appellant, but she believed it did.    

The next day, November 23, 2002,
appellant, who did not own a car, left the residence in the complainant=s car and
returned several hours later under the influence of embalming fluid.[1]  Later in the evening, an argument ensued and
the complainant left the house on foot. 
The complainant ran through the street and was approached by an
unidentified man in a passing vehicle who offered assistance.  The complainant accompanied the man to his
house for approximately three hours before she returned home.  

Appellant was not at home when
the complainant returned, so she loaded her belongings into the man=s
car.  Before she could finish, appellant
arrived and an argument ensued.  The
driver left, and the complainant got into her car and locked the doors.     

Appellant broke the driver=s side
window with his fist, unlocked the door, pulled the complainant out of the car,
and pushed her into the house.  Inside,
appellant punched the complainant in the head numerous times causing her to
briefly lose consciousness.  When she
regained consciousness, appellant kicked her in the stomach and stomped on her
ribs. 








When the beating stopped, the
complainant testified appellant told her he wanted her to perform oral
sex.  The complainant testified she could
barely move as a result of the beating but complied because she Ahad to.@  After that, appellant tore off her jeans, got
on top of her, and initiated sexual intercourse.  The complainant had rib pain during
intercourse and testified she could hear her rib popping.  After intercourse, appellant told the
complainant, Ayou can=t say
that it=s rape or
nothing like that because we live together@ and Ayou don=t have to
say yes.  You don=t have a
right to say no because you [sic] live together.@ 

The following day, the
complainant requested medical attention for her injuries.  Appellant refused her request and would not
let her leave the house because he did not want to get in trouble.  According to the complainant, she could not
flee the house because her rib injury prevented her from walking for one week,
and she could not call for help because there was no telephone inside the
house.  On November 30, 2002, while appellant
was away, the complainant fled the house when her sister stopped by to
visit.  The complainant was taken to the
hospital and treated in the emergency room.

The evidence shows the
complainant sustained the following injuries and/or effects as a result of the
assault: (1) both of her eyes were bruised and swollen shut for several days;
(2) both of her shoulders were bruised; (3) partial loss of hearing in her left
ear for five months; (4) a possible fractured rib; (5) loss of mobility and
inability to walk for one week; and (6) a possible concussion.

I.          Sufficiency
of the Evidence

A.        Legal Sufficiency

Appellant contends the evidence
is legally insufficient to sustain his convictions for sexual assault and
aggravated assault.  In a legal sufficiency review, we
view all of the evidence in the light most favorable to the verdict and
determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
n.12 (1979);  Garrett v. State,
851 S.W.2d 853, 857 (Tex. Crim. App.1993). 








1.         Sexual Assault

To secure a conviction for sexual
assault according to the jury charge in this case, the State was required to
prove the defendant intentionally or knowingly caused the sexual organ of
another person (the complainant), without that person=s
consent, to contact the sexual organ of another person, including the
defendant.  Tex. Pen. Code Ann. ' 22.011(a)(1)(C) (Vernon 2003).  The lack of consent can be proven by the use
of physical force or violence.  Id.
at '
22.011(b)(1).  

The evidence shows appellant
punched and kicked the complainant numerous times, and told the complainant
after the beating to perform oral sex. 
Although in pain, the complainant complied because she Ahad to.@  Then, appellant tore off her jeans, got on
top of her, and initiated sexual intercourse causing the complainant severe
pain.  After intercourse, appellant told
the complainant, Ayou can=t say
that it=s rape or
nothing like that because we live together,@ and Ayou don=t have to
say yes.  You don=t have a
right to say no . . .@     

Appellant argues the complainant=s
testimony is not credible and is insufficient to prove he compelled her to submit
to sexual intercourse by the use of physical force and violence because the
evidence shows: (1) they lived together and were sexually involved for
approximately one year before the incident; (2) throughout the relationship, if
he wanted sex, she would have sex with him; (3) he became sexually excited and
wanted to have sex when she cried or became angry; (4) the record is devoid of
any testimony that he told her she must comply with his sexual request or he
would strike her; and (5) she did not complain of being sexually assaulted to
medical personnel at the hospital or to the police. 








The testimony of a victim,
standing alone, is sufficient to support a conviction for sexual assault.  Villalon v. State, 791 S.W.2d 130, 133
(Tex. Crim. App. 1990); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).  Moreover, the jury is the sole judge of the
credibility of the witnesses at trial.  Johnson
v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000); see Hernandez v. State,
804 S.W.2d 168, 170 (Tex. App.CHouston
[14th Dist.] 1991, pet. ref=d)
(stating Athe jury had the ability to
observe the witnesses carefully, to hear the fear or violence projected from
each witness, and to evaluate the credibility of each witness and the overall
sufficiency of the evidence on the issue of consent@).     

There is nothing in the record to
suggest the jury=s
resolution of the testimony was not reasonable. 
See Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App.
1997).  The complainant testified to the
physical force and violence appellant used to keep her from fleeing.  Immediately after the beating, the
complainant submitted to appellant=s sexual
assault because she felt she Ahad to.@  The complainant testified appellant tore off
her jeans and sexually assaulted her while she suffered through rib pain from
having appellant=s weight
on top of her.  Viewing the evidence in a
light most favorable to the prosecution, we conclude a rational trier of fact
could have found beyond a reasonable doubt that appellant intentionally or
knowingly caused the sexual organ of the complainant to contact his sexual
organ without her consent by the use of physical force or violence.  Therefore, the evidence is legally sufficient
to find appellant guilty of sexual assault.[2]  We overrule appellant=s first
point of error. 

2.         Aggravated Assault

To secure a conviction for
aggravated assault, the State must prove the defendant committed an assault and
caused serious bodily injury to another. 
See Tex. Pen. Code Ann.
'' 22.01,
22.02(a)(1) (Vernon 2003).  Appellant
concedes there is some evidence of bodily injury but argues the evidence is
insufficient to prove he caused Aserious
bodily injury.@ 









The Texas Penal Code defines Aserious
bodily injury@ as: Abodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ.@  Tex.
Pen. Code Ann. ' 1.07(46)
(Vernon 2003).  This definition stands in
contrast to Abodily injury,@ which is
required to maintain a conviction for assault. 
See id. at '
22.01.  ABodily
injury@ is
defined as: Aphysical pain, illness, or any
impairment of physical condition.@  Id. at '
1.07(8).  Thus, Aserious
bodily injury@ is bodily injury plus one or
more of the following effects:

1. a substantial risk of
death;

2. death;

3. serious permanent
disfigurement;

4. protracted loss or
impairment of the function of any bodily member; or

5. protracted loss or impairment
of the function of any bodily organ.

 

See Moore v. State, 739
S.W.2d 347, 355 (Tex. Crim. App. 1987) (Clinton, J., concurring).  Because the penal code provides a different
definition for Abodily
injury@ than for
Aserious
bodily injury,@ the Texas Court of Criminal
Appeals has instructed that we presume the Texas legislature intended a
meaningful difference or distinction between the two.  See id. at 349.  Whether an injury constitutes Aserious
bodily injury@ must be determined on a
case-by-case basis.  Id. at
352.   

The complainant testified
appellant punched her in the face and head numerous times causing her to
briefly lose consciousness.  When the
complainant regained consciousness, appellant was kicking her in the stomach and
stomping on her ribs.  The evidence shows
the complainant sustained the following injuries and/or effects as a result of
the assault: (1) both of her eyes were bruised and swollen shut; (2) both of
her shoulders were bruised; (3) partial loss of hearing in left ear for five
months; (4) a possible fractured rib; (5) loss of mobility and inability to
walk for one week; and (6) a possible concussion.  Exacerbating the situation, the complainant
testified she was unable to seek medical attention for one week.








Given the Penal Code definition
of Aserious
bodily injury,@ there is no testimony in this
case concerning any of the sustained injuries creating a substantial risk of
death or causing death, and there is no evidence the injuries caused
serious permanent disfigurement. Thus, we must determine whether the
complainant=s injuries created a protracted
loss or impairment of the function of any bodily member or organ.  See Tex.
Pen. Code Ann. '
1.07(46).   

The State argues the evidence is
sufficient to prove the complainant=s loss of
hearing, concussion, and rib injury each caused protracted loss or impairment
of the function of a bodily member or organ.

Loss of Hearing

The State contends the
complainant=s loss of hearing in her left ear
is sufficient to find protracted loss or impairment of the function of a bodily
member or organ.  The complainant
testified that as a result of being punched multiple times on the left side of
her head, she sustained partial hearing loss in her left ear for approximately
five months.  We agree. 

We hold the complainant=s loss
of hearing caused by trauma to her head is Aimpairment@ of the
function of a bodily member or organ.  See
Camarillo v. State, 82 S.W.3d 529, 537B38 (Tex.
App.CAustin
2002, no pet.) (holding evidence was factually sufficient to find serious
bodily injury by finding Aimpairment@ of a
bodily member or organ when the victim had difficulty breathing); Bosier
v. State, 771 S.W.2d 221, 223 (Tex. App.CHouston
[1st Dist.] 1989, pet. ref=d)
(holding there was legally sufficient evidence to find serious bodily injury
through Aimpairment@ of a
bodily member or organ when victim had impaired hearing and balance as a result
of neurological damage).








Having found impairment, we also
hold the complainant=s loss of
hearing for five months is sufficiently Aprotracted.@  See Nunez v. State, 117 S.W.3d 309,
329B30 (Tex.
App.CCorpus
Christi 2003, no pet.) (holding evidence legally and factually sufficient to
show protracted loss or impairment of a bodily function when cut to victim=s finger
continued to affect her six months after the assault), overruled on
other grounds, Resendez v. State, 160 S.W.3d 181 (Tex. App.CCorpus
Christi March 3, 2005, no pet.); Madden v. State, 911 S.W.2d 236, 244
(Tex. App.CWaco 1995, pet. ref=d)
(inability to walk for three to four weeks constituted serious
impairment of a bodily member); Coshatt v. State, 744 S.W.2d 633, 635
(Tex. App.CDallas 1987, pet. ref=d)
(holding loss of partial use of back for a period of three months did
constitute a protracted loss of impairment).

Here, viewing all of the evidence
in the light most favorable to the prosecution, we hold the evidence is legally
sufficient for a rational trier of fact to find the complainant=s loss of
hearing for five months constituted a serious bodily injury that caused a
protracted loss or impairment of a bodily organ.  Because we hold the evidence of the
complainant=s loss of hearing is legally
sufficient to support appellant=s
conviction, we need not determine whether the complainant=s
concussion and rib injury were also sufficient. 
We overrule appellant=s third
point of error. 

B.        Factual Sufficiency 

In two points of error, appellant
contends the evidence is factually insufficient to sustain his convictions for
sexual assault and aggravated assault. 
In a factual sufficiency review, we consider all of the evidence in a
neutral light, and determine whether a jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  The evidence may be factually insufficient in
two ways.  First, when considered by
itself, evidence supporting the verdict may be too weak to support the finding
of quilt beyond a reasonable doubt. 
Second, where evidence both supports and contradicts the verdict, the
contrary evidence may be strong enough that the beyond-a-reasonable doubt
standard could not have been met.  Id.
at 484B85.








Appellant did not testify and
offered no witnesses in his defense.  In
this case, the same facts that make the evidence legally sufficient to support
appellant=s convictions for sexual assault
and aggravated assault also make it factually sufficient.  The evidence supporting the verdicts was not
too weak to support the verdict beyond a reasonable doubt, and the contrary
evidence is not so strong that the beyond-a-reasonable doubt standard could not
have been met.  We overrule appellant=s second
and fourth points of error.

CONCLUSION

Having considered and overruled
each of appellant=s four
points of error, we affirm the judgment of the trial court.  

 

/s/        John S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed August 30, 2005.

Panel consists of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The
complainant testified embalming fluid has a foul odor and is used as a drug by
soaking a tobacco or marijuana cigarette into embalming fluid and smoking
it.  





[2]  Appellant also
contends there is no evidence he committed penetration of the mouth with his
sexual organ.  We do not address this
contention because the jury was not charged on this definition of sexual
assault.