NO.
12-06-00130-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LARRY MICKEY,     §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Larry Mickey was convicted of aggravated robbery, a first degree felony.  In one issue, Appellant contends that the
evidence was legally and factually insufficient to prove that he caused serious
bodily injury to the victim.  We affirm.

 

Background

            On February
5, 2005, Dee Palmer went to the Wal–Mart store in Lufkin to pick up her husband
from work.  As she was walking toward the
entrance of the store, a man, later identified as Appellant, grabbed her
purse.  Ms. Palmer refused to release her
purse.  Appellant hit her in the arm and
pulled on the purse, dragging her to the ground behind him.  After Ms. Palmer had been dragged several
feet, the purse strap broke, and Appellant ran away.

            Appellant
was arrested by the police later the same night.  He was the passenger in a vehicle, and the
police recovered several items of Ms. Palmer’s personal property from the
vehicle.  Ms. Palmer was able to identify
Appellant as her assailant. 

            Ms. Palmer
went to the hospital that night.  She had
scrapes and bruises on her right arm and leg, a lacerated finger, and a broken
right hand.  Her hand was put in a cast
for eight weeks, and she was told by the doctor not to use it during that time.  After the cast was removed, Ms. Palmer’s hand
still had a bump on it.      

            Appellant
pleaded not guilty and requested a trial by jury.  The case proceeded to trial and the jury
returned a verdict of guilty.  Appellant
waived his right to have the jury assess his sentence and pleaded “true” to the
punishment allegation that he had twice before been convicted of felony
offenses.  The trial court assessed
punishment at forty years of imprisonment. 
This appeal followed.

 

Sufficiency
of the Evidence

            Appellant
challenges the legal and factual sufficiency of the evidence.  Specifically, he contends that there was
insufficient evidence that the complaining witness suffered serious bodily
injury.

Standard of Review

            Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d) (citing Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979)).  In reviewing a legal sufficiency challenge,
the appellate court examines the evidence in the light most favorable to the
judgment to determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319,
99 S. Ct. at 2789).

            In
reviewing factual sufficiency of the evidence, we must determine whether a
neutral review of the evidence, both for and against the finding, demonstrates
that a rational jury could find guilt beyond a reasonable doubt. Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is not
factually sufficient when evidence supporting the verdict, considered by
itself, is too weak to support the finding of guilt beyond a reasonable
doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt standard
could not have been met.  Id.
at 484-85.  A verdict will be set aside “only
if the evidence supporting guilt is so obviously weak, or the contrary evidence
so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust.”  Ortiz v. State, 93 S.W.3d 79,
87 (Tex. Crim. App. 2002).  A clearly
wrong and manifestly unjust verdict occurs where the jury’s finding “shocks the
conscience” or “clearly demonstrates bias.” 
Zuniga, 144 S.W.3d at 481.

            As
in legal sufficiency review, the fact finder is the sole judge of the weight
and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d
103, 111-12 (Tex. Crim. App. 2000).  The
jury may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

Applicable Law

            A
person commits aggravated robbery if he causes serious bodily injury to another
while in the court of committing theft and is acting with the intent to obtain
or maintain control of property.  Tex. Pen. Code Ann. § 29.03(a)(1)
(Vernon Supp. 2006).  “Serious bodily
injury” means bodily injury that creates a substantial risk of death or that
causes death, serious permanent disfigurement, or protracted loss or impairment
of the function of any bodily member or organ. 
Tex. Pen. Code Ann. § 1.07(a)(46)
(Vernon Supp. 2006).

            The
difference between bodily injury and serious bodily injury, while real and
meaningful, is one of degree.  Moore
v. State, 739 S.W.2d 347, 349 (Tex. Crim. App. 1987).  For there to be protracted impairment such
that a finding of serious bodily injury is proper, the organ or body member
must lose some function.  Hernandez
v. State, 946 S.W.2d 108, 113 (Tex. App.–El Paso 1997, no pet.).  That loss of function, however, need only be
protracted, not permanent.  See Williams
v. State, 575 S.W.2d 30, 33 (Tex. Crim. App. 1979) (Loss of lifting
power in arm for three months constitutes serious bodily injury.); Madden
v. State, 911 S.W.2d 236, 244 (Tex. App.–Waco 1995, pet. ref’d)
(Inability to walk for four weeks due to injured left hip constitutes serious
bodily injury.); Coshatt v. State, 744 S.W.2d 633, 636 (Tex. App.–Dallas
1987, pet. ref’d) (Fractured vertebrae requiring six weeks of bed rest and no
heavy work for three months constitutes serious bodily injury.); Allen v.
State, 736 S.W.2d 225, 227 (Tex. App.–Corpus Christi 1987, pet. ref’d)
(Broken finger that was still stiff and had some dysfunction three and a half
months later constitutes serious bodily injury.); but see Moore,
739 S.W.2d at 349, 351-52 (Injured nose and back requiring a few hours in a
hospital is not sufficient evidence of serious bodily injury.); Hernandez,
946 S.W.2d at 113 (Knife wound to victim’s chest, including laceration of
liver, without evidence offered of impairment of a body member or organ is not
sufficient evidence of serious bodily injury.). 
The injured party is qualified to offer an opinion as to the severity of
the injuries, and expert testimony is not required.  See Coshatt, 744 S.W.2d
at 636.

Analysis–Legal Sufficiency

            In
this case, Appellant grabbed Ms. Palmer’s purse, knocked her down, dragged her
several feet, and hit her in the right arm. 
Photographs of the injuries to Ms. Palmer’s arm and hand were introduced
into evidence.  Ms. Palmer went to the
hospital the night of the assault, and she consulted with a physician on
several occasions thereafter.  Ms. Palmer’s
right hand was broken and in a cast for eight weeks.  During those eight weeks, Ms. Palmer was
unable to use her right hand.  At the
time of trial, her right hand still had a bump on it from the broken bone. 

            Viewing
all of the evidence in the light most favorable to the jury’s verdict, we
conclude that the jury could have reasonably determined beyond a reasonable
doubt that Ms. Palmer suffered serious bodily injury.  Specifically, she suffered a protracted loss
or impairment of the function of a bodily member, her hand.  Therefore, we hold that the evidence was
legally sufficient to support the jury’s verdict.

Analysis–Factual Sufficiency

            A
review of all of the evidence without the light most favorable to the judgment
reveals some evidence that is contrary, or at least potentially contrary, to
the verdict. Specifically, Ms. Palmer was not completely disabled by her
injury, and she was able to make a nearly complete recovery. Furthermore, the
record shows that she was able to continue doing housework with her left hand
during the eight weeks that she was unable to use her right hand. Also, Ms.
Palmer admitted that her right hand probably would not have been broken if she
had simply let go of her purse.

            But
we must consider this evidence along with the evidence that supports the
verdict.  The evidence was uncontroverted
that Ms. Palmer lost the use of her hand for eight weeks.  The fact that Ms. Palmer was able to
compensate for her injuries does not change the fact that she suffered a
protracted impairment of the function of her hand.  Additionally, Ms. Palmer had no duty to let
go of her purse, and thus, that fact raised by Appellant is irrelevant to the
issue.

            Our
review of the record as a whole, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury’s verdict.  Appellant’s sole issue is overruled.  

 

Conclusion

            Having
overruled Appellant’s sole issue on appeal, the judgment of the trial court is affirmed.

 

 

                                                                                                    Brian Hoyle   

                                                                                                            Justice

 

 

 

 

Opinion
delivered September 29, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)