**Affirmed and Opinion Filed June 21, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00526-CR

### CHRISTIAN LANE-CLEMENT COOK, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81198-2013**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Stoddart

A jury convicted Christian Lane-Clement Cook of aggravated assault causing serious bodily injury and assessed punishment at fifteen years' confinement. Appellant makes two arguments[1] on appeal: (1) the trial court abused its discretion by denying his motion for new trial because the evidence is insufficient to support his conviction and (2) the trial court improperly instructed the jury on the law of parties. We affirm the trial court's judgment.

### Background

Appellant, Colby Long, and their friends met at a car wash where an altercation ensued. Surveillance video shows an agitated Long walking toward appellant's vehicle. Before reaching

---

[1] Appellant's brief includes two distinct arguments within a single issue. Although he presented more than one legal theory under a single heading, the arguments are sufficiently clear for this Court to review. *See Thomas v. State*, 723 S.W.2d 696, 697 n. 2 (Tex. Crim. App. 1986).

appellant, one of appellant's friends approached Long from behind and struck him on the side of the face. The blow incapacitated Long and he fell to the ground. Appellant proceeded to kick or stomp on Long's head multiple times. A passenger in Long's car testified she saw someone knock Long to the ground, but she did not see appellant kick or stomp on Long. The witness admitted being under the influence of Xanax and marijuana at the time of the assault and she did not see everything that occurred.

Appellant testified he struck Long with his right hand to protect himself immediately after the initial blow from his friend. Appellant admitted he kicked Long but denied kicking Long while he was on the ground and unconscious.

Long was transported to a medical facility where he was treated for injuries that included three fractures to his jaw and significant facial swelling. Long then was transferred to the intensive care unit at Parkland Hospital where he was treated by Dr. Patricia Bergen. Bergen testified: "At the other facility he was intubated, meaning he had a breathing tube placed in his trachea because - - or reported to us because of fear that he might lose his airway because of facial trauma." She explained that "You would have to assume that the outside facility that intubated him were [sic] concerned that his facial injuries and swelling were significant enough to put him at risk of being unable to breathe because of those injuries, so that would be a life-threatening situation."

While at Parkland, a CT scan showed a "pulverized" spleen and a significant amount of blood in Long's abdomen. As a result, he underwent an emergency splenectomy.

After the jury convicted appellant, he filed a motion for new trial, and the trial court held a hearing. Appellant argued the evidence at trial is insufficient because new evidence, not presented at trial, proves the assault did not injure Long's spleen. Appellant presented two witnesses at the hearing. Ben Hardman, a friend who accompanied Long to the car wash, said

that Long had an altercation with his father the week before the assault and appellant did not kick Long in the abdomen. Dr. Judy Schmidt testified the spleen was not pulverized or lacerated and the splenectomy was unnecessary. The trial court denied the motion.

## Law & Analysis

### 1. Sufficiency of the Evidence

Appellant contends that the trial court abused its discretion by denying his motion for new trial because there is no evidence appellant struck Long in the abdomen and caused the spleen injury and evidence of the spleen injury was harmful. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). A trial court abuses its discretion "only when no reasonable view of the record could support the trial court's ruling." *Id.*

We review a legal sufficiency of the evidence challenge under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014). In a sufficiency of the evidence review, "we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The factfinder has a duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (footnotes omitted). We presume the factfinder resolved conflicting inferences in the State's favor, and we defer to that determination. *Id.*

A person commits the offense of aggravated assault if he intentionally, knowingly, or recklessly caused serious bodily injury to another. TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). Serious bodily injury is that which creates a substantial risk of death or that causes death,

serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX. PEN. CODE ANN. § 1.07(a)(46) (West Supp. 2015). Protracted means extended, lengthened, prolonged, or continued. *Nash v. State*, 123 S.W.3d 534, 538 (Tex. App.—Fort Worth 2003, pet. ref'd). When assessing the sufficiency of the evidence to establish serious bodily injury, the question is the degree of risk of death that the injury caused, or the disfiguring or impairing quality of the injury, "as it was inflicted, not after the effects had been ameliorated or exacerbated by other actions such as medical treatment." *Stuhler v. State*, 218 S.W.3d 706, 714 (Tex. Crim. App. 2007) (citations omitted). An injured party is qualified to express an opinion about the seriousness of the injuries. *Coshatt v. State*, 744 S.W.2d 633, 636 (Tex. App.—Dallas 1987, pet. ref'd) (citing *Hart v. State*, 581 S.W.2d 675, 677 (Tex. Crim. App. [Panel Op.] 1979)).

Appellant argues the evidence is insufficient because there is no evidence he hit or kicked Long in the abdomen causing the spleen injury. However, the State was not required to show appellant caused serious bodily injury to Long by hitting or kicking Long in the abdomen. The indictment charged appellant with serious bodily injury to Long by hitting Long with his hand or kicking long with appellant's foot. Appellant admitted hitting and kicking Long. Two witnesses testified appellant kicked or stomped on Long's head after he was on the ground and unconscious. Bergan testified that Long's facial injuries put him at risk of not being able to breathe and therefore were life threatening.

The record shows Long suffered three jaw fractures causing significant facial swelling and requiring surgery and intubation so he did not stop breathing. Long was admitted to Parkland Hospital's intensive care unit where his jaw was reset and a metal plate was inserted. Two years after the assault, he continued to suffer jaw pain. Bergen testified the jaw injury predisposes Long to have "things like TMJ" or pain in the joint for life.

This evidence is sufficient to show appellant's conduct caused serious bodily injury. *See Lee v. State*, 05-13-00714-CR, 2014 WL 5475495, at *2 (Tex. App.—Dallas Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (collecting cases). Reviewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could have found beyond a reasonable doubt that appellant hit, kicked, or stomped on Long's head, causing serious bodily injury. *See Adames*, 353 S.W.3d at 860 (sufficiency review).

In light of our conclusion that the evidence is sufficient to support appellant's conviction, we need not consider appellant's argument that newly discovered evidence shows appellant did not cause the injury to Long's spleen. *See* TEX. R. APP. P. 47.1.

## 2. Jury Charge

Appellant also argues the trial court improperly instructed the jury on the law of parties. We review whether error exists in the jury charge and then determine whether appellant was harmed. *See* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013). When, as here, the defendant preserves jury-charge error at the trial court with a timely objection, we apply a "some harm" standard to determine whether the error, if any, requires reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Even when a proper objection is made at trial, where the evidence clearly supports a defendant's guilt as the primary actor, error in charging on the law of parties is harmless. *Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999) (en banc) (citing *Black v. State*, 723 S.W.2d 674, 675 & 676 n.2 (Tex. Crim. App. 1986); *Govan v. State*, 682 S.W.2d 567, 570–571 (Tex. Crim. App. 1985)).

Appellant argues there is no evidence appellant or appellant's friend kicked or hit Long in the abdomen and, therefore, instructing the jury on law of parties was in error. As discussed above, the evidence is sufficient to establish appellant as the primary actor. Even if we assume

error in the jury charge, the error is harmless because the evidence supports appellant's guilt as a primary actor. *See Cathey*, 992 S.W.2d at 466.

## Conclusion

We overrule appellant's sole issue. We affirm the trial court's judgment.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
150526F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTIAN LANE-CLEMENT COOK,
Appellant

No. 05-15-00526-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-81198-2013.
Opinion delivered by Justice Stoddart.
Justices Myers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 21st day of June, 2016.