NO. 07-05-0260-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 17, 2007
_____

TERRANCE L. RHONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407265; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Terrance L. Rhone, was charged with murder. The indictment further alleged an enhancement based on a prior felony conviction. The jury found appellant guilty of murder and found the enhancement allegation true. The jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life and a fine of $10,000. Appellant appeals claiming that the evidence was factually insufficient to support the conviction. We affirm.

Factual Background

On July 8, 2004, Larry Isaac, Jr., was shot by appellant. The shooting occurred in the parking lot of a car wash across the street from Fugees, a neighborhood bar. The parking lot across from Fugees is a known hang out and there were numerous witnesses to the shooting. The record reflects that several people observed appellant shoot the victim in the head from behind. Witnesses heard appellant make comments about the victim bumping him and teaching people not to bump him. No witness testified about seeing the victim bump appellant with his, the victim's, car. Appellant fled the scene before the police arrived. Subsequently, appellant turned himself in to the Lubbock Police Department.

Appellant testified at the trial. Appellant indicated that there had been ongoing friction between himself and the victim. Appellant testified that, on three previous occasions, he had turned and walked away instead of fighting with the victim. Appellant further testified that on the night in question he arrived at the scene before the victim. When the victim arrived, appellant testified that the victim attempted to run over him in the parking lot of the car wash and did, in fact, hit appellant with his car. According to appellant, while he lay on the ground, the victim got out of his vehicle and approached appellant in a menacing manner. Appellant testified that he shot the victim as the victim was approaching appellant.

Appellant testified that he shot the victim in self-defense. The jury was properly charged on self-defense and rejected the defensive theory, convicting appellant of murder.

2

By one issue, appellant contends that the evidence was factually insufficient to support the jury's verdict. However, appellant's issue is premised on the self-defense question and the factual sufficiency of the evidence to refute this defensive theory.

## Self-defense

To prove that appellant was guilty of murder, the State was obligated to prove, beyond a reasonable doubt, that appellant intentionally or knowingly caused the death of an individual. TEX. PEN. CODE ANN. § 19.02(b)(1) (Vernon 2003). However, a person is justified in using deadly force against another if he reasonably believes that deadly force was immediately necessary to protect himself from the other's use or attempted use of unlawful deadly force, and a reasonable person in the actor's situation would not have retreated. TEX. PEN. CODE ANN. §§ 9.31(a), 9.32(a) (Vernon 2003). A defendant must produce some evidence to raise the issue of self-defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003). Once the defendant produces some evidence, it is incumbent upon the State to bear the burden of persuasion to disprove the defense. Id. However, this burden does not require the State to produce evidence, rather the State must satisfy the fact finder of the guilt of the defendant beyond a reasonable doubt. Id. A guilty verdict by the jury is an implied rejection of the defensive theory. Id. Therefore, in the final analysis, the State was required to prove appellant was guilty of murder beyond a reasonable doubt and to persuade the jury, beyond a reasonable doubt, that appellant did not kill the victim in self-defense. Id. Finally, we note that the issue of self-defense is a fact issue for the jury, and the jury is free to accept or reject defensive evidence. Saxton v. State, 804 S.W.2d 910, 913-14 (Tex.Crim.App. 1991).

Factual Sufficiency

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In the present case, reviewing the evidence in a neutral light as required in a factual sufficiency review, we note the following: 1) every witness that testified to seeing the shooting stated that appellant shot the victim from behind; 2) no witness, other than appellant, said that the victim was coming toward appellant when the shots were fired; 3) no witness saw the victim bump or run into appellant with his car, on the night in question; and 4) at least two witnesses heard appellant threaten the victim either immediately before or after the shooting. Further evidence was presented that appellant fled the scene immediately following the shooting. Finally, audio recordings of phone calls made by appellant while in custody were presented to the jury. The jury could have reasonably

4

construed these conversations to be evidence of appellant, either, threatening other persons or requesting an individual to lie to the police for him. The jury heard these conversations and could properly decide that they were indications of guilt. Madden v. State, 911 S.W.2d 236, 243 (Tex.App.–Waco 1995, writ ref'd). When all of the evidence is reviewed in a neutral light, we cannot say that the jury was not rationally justified in finding appellant guilty beyond a reasonable doubt. Watson, 204 S.W.3d at 415.

Because we have found the evidence factually sufficient to support appellant's conviction, we must address appellant's primary contention about what evidence undermines the factual sufficiency of the evidence. Sims, 99 S.W.3d at 603. Appellant's primary contention is that no evidence directly contradicted his testimony about the events that unfolded on the night in question. According to appellant, the failure of the State to put on evidence that contradicts his testimony establishes that he acted in self-defense and, therefore, could not be convicted of murder. Appellant is wrong for at least two reasons. First, he misunderstands the burden on the State. As stated above, the State does not have to present any evidence to disprove appellant's self-defense theory. Zuliani, 97 S.W.3d at 594. Rather, the State meets its requirements if it presents evidence that is sufficient to allow the jury to find appellant guilty of murder beyond a reasonable doubt. Id. It is then to the jury to resolve the conflicts in the evidence and to determine whether appellant acted in self-defense. Saxton, 804 S.W.2d at 913-14. Second, all of the evidence referred to above contradicts appellant's version of the facts. The jury, by their verdict, resolved those facts against the appellant, as was their right, and we must give due

5

deference to that decision.  <u>Johnson v. State</u>, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000).  After conducting the required review, we overrule appellant's factual sufficiency issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.