Anthony Austin METTS, Appellant

v.

The STATE of Texas, Appellee

Nos. 11-13-00203-CR & 11-13-00204-CR

Court of Appeals of Texas,
Eastland.

August 24, 2017

Opinion filed August 25, 2017

Carolyn D. Thurmond, Assistant, Laura Nodolf, District Attorney, Midland, for Appellee.

Josh Schaffer, The Schaffer Firm, Houston, for Appellant.

1. *Metts v. State*, Nos. 11-13-00203-CR & 11-13-00204-CR, 2015 WL 4433603, at *3 (Tex. App.—Eastland 2015), *vacated*, 510 S.W.3d 1 (Tex. Crim. App. 2016).

Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

## OPINION ON REMAND

### MIKE WILLSON, JUSTICE

After the trial court found that Appellant had violated the terms and conditions of his deferred adjudication community supervision, it revoked his community supervision in both cases, adjudicated his guilt for two counts of sexual assault of a child, assessed his punishment at confinement for ten years in each case, and sentenced him. On appeal, Appellant argued that Judge Robin Malone Darr was disqualified from serving as the presiding judge in these cases and that she had violated his due process rights when she revoked his community supervision. On original submission, this court affirmed the judgments of the trial court.[1]

Appellant filed a petition for discretionary review, and the Court of Criminal Appeals granted review of his disqualification issue. The Court of Criminal Appeals held that Judge Darr was disqualified. *Metts v. State*, 510 S.W.3d 1, 9 (Tex. Crim. App. 2016). As a result, the Court of Criminal Appeals remanded both cases to this court to determine how Appellant's "right to have a non-disqualified judge should be classified." *Id.* After additional briefing by the parties, we hold that the "right to have a non-disqualified judge" is a category two right under *Marin v. State*.[2] Accordingly, we reverse the judgments of the trial court and remand the causes.

### I. *Procedural History*

In both cases, Appellant pleaded guilty in 2004 to the second-degree felony offense

2. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled in part by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

of sexual assault of a child. The trial court, with Judge Willie Dubose presiding, deferred the adjudication of guilt and placed Appellant on community supervision for a term of ten years in each case. As part of those proceedings, Judge Darr, who was an assistant district attorney at the time, represented the State at a hearing in which Appellant announced his acceptance of the State's offer of a plea bargain and waived his right to a trial by jury. Later in 2004, Appellant, by agreement, had his community supervision modified by Judge Dubose and later modified by Judge Pat Baskin. In 2006, Appellant requested that his community supervision be transferred to Louisiana, and Judge Darr granted that request and modified his community supervision. In 2008, Judge Darr granted another modification of Appellant's community supervision for GPS monitoring. In 2009, Judge Darr granted another modification of Appellant's community supervision, but denied his request in 2010 to modify the terms of his community supervision. Later, in 2013, Judge Darr granted Appellant's subsequent modification request, but later that year, the Midland County District Attorney moved to revoke Appellant's community supervision in both cases. At the revocation hearing on both cases, in which Judge Darr presided, Appellant pleaded "true" to two allegations and testified concerning several others.

## II. *Analysis*

■ After the Court of Criminal Appeals held that Judge Darr had actively participated as an attorney for the State in Appellant's cases and was therefore disqualified, it remanded these cases to this court for this court to determine "under which *Marin* category the right to a non-disqualified judge should be classified." *Metts*, 510 S.W.3d at 9; *see Marin*, 851 S.W.2d at 280. Appellant asserts that the right is a category two right, while the

State argues that the right is a category three right. As we explain below, we agree with Appellant that the "right to a non-disqualified judge" is a category two right under *Marin*.

■ The Court of Criminal Appeals in *Marin* separated defendants' rights into three categories:

● The first category of rights are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process ... that they cannot be forfeited ... by inaction alone." These are considered "absolute rights."

● The second category of rights is comprised of rights that are "not forfeitable"—they cannot be surrendered by mere inaction, but are "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.

● Finally, the third category of rights are "forfeitable" and must be requested by the litigant. Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) (alteration in original) (footnotes omitted) (quoting *Marin*, 851 S.W.2d at 278–79). "Rule 33.1's preservation requirements do not apply to rights falling within the first two categories." *Id.* "Barring these two narrow exceptions, all errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Id.* In *Grado*, the Court of Criminal Appeals reviewed the defendant's claim that his right to have a judge consider the full range of punishment was a right that was not subject to procedural default. *Grado*, 445 S.W.3d at 741. The

Court of Criminal Appeals agreed and held that the right was a significant feature of the judicial system and was a *Marin* category-two right. *Id.* The *Grado* court also held: "In the absence of a defendant's effective waiver, a judge has an independent duty both to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries and to consider the entire range of punishment in sentencing a defendant irrespective of a defendant's request that he do so." *Id.*

■■■■ The rationale in *Grado* applies in this case in part because the constitutional and statutory grounds for disqualification of a judge are mandatory and exclusive. *See* Tex. Const. art. V, § 11; Tex. Code Crim. Proc. Ann. art. 30.01 (West 2006); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). A judge is disqualified by statute from presiding over any case "where [she] has been of counsel for the State." Crim. Proc. art. 30.01. Similarly, a judge is disqualified under the Texas Constitution if she has "been counsel in the case." Tex. Const. art. V, § 11. This ensures "that criminal justice [is] administered free from bias or the appearance of bias." *Whitehead v. State*, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008). Under Article 30.01 and the relevant constitutional provisions, a judge is disqualified if she "actively participated in the preparation of the case against the defendant." *Gamez*, 737 S.W.2d at 319.

■■■■ The question of whether a trial judge is qualified and can preside over a case is one of authority and not jurisdiction. *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). Section 24.002 provides the following:

If a district judge determines on the judge's own motion that the judge should not sit in a case pending in the judge's court because the judge is disqualified ..., the judge shall enter a recusal order [and] request the presiding judge of that administrative judicial region to assign another judge to sit. ..."

Tex. Gov't Code Ann. § 24.002 (West Supp. 2016). Just as a trial court has an independent duty to determine the correct statute for sentencing and to consider the full range of punishment, a trial judge has an independent duty, absent a defendant's effective waiver, to determine that she is not disqualified from hearing the case. We note that several pre-*Marin* cases held that a defendant's complaint about the judge's disqualification could be raised for the first time on appeal. *See Gamez*, 737 S.W.2d at 318; *Ex parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985), overruled in part by *Ex parte Richardson*, 201 S.W.3d 712, 714 (Tex. Crim. App. 2006); *Lee v. State*, 555 S.W.2d 121, 122 (Tex. Crim. App. 1977); *Holifield v. State*, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976). In *Johnson v. State*, the Court of Criminal Appeals held that, where a judge of a constitutional county court of Taylor County lacked the authority to preside over a criminal trial, under Section 26.231 of the Texas Government Code, the defendant did not waive that complaint when he failed to raise the issue at trial. 869 S.W.2d 347, 349 (Tex. Crim. App. 1994). The rationales outlined in *Grado* and *Johnson* are equally applicable in this case.

■■■■ The State argues that Appellant received the benefit of Judge Darr's favorable rulings in modifying his community supervision, on multiple occasions, and is estopped or has effectively waived any objection to her serving as the presiding judge in his revocation and adjudication hearing. The State cites to *Ex parte Richardson* in support of its estoppel or effective waiver argument. 201 S.W.3d at 713. In *Richardson*, the defendant was aware that the trial judge was the prosecutor in

his case, and the defendant declared that he wished to proceed with the trial judge on his plea agreement. *Id.* at 712. The Court of Criminal Appeals held that the defendant could not raise his challenge to the trial judge for the first time in a habeas corpus proceeding where he had not previously raised the issue with the trial court or on direct appeal. *Id.* at 713–14. Unlike *Richardson,* Appellant has raised the issue on appeal, and we find nothing in the record where Appellant clearly and unequivocally waived his right to have a non-disqualified judge hear his revocation and adjudication hearing. Therefore, because Appellant did not clearly and unequivocally waive his right to have a non-disqualified judge preside over his revocation and adjudication hearing, he may raise this issue on appeal. Accordingly, we sustain Appellant's issue.

### III.   *This Court's Ruling*

We reverse the judgments of the trial court, and we remand the causes to the trial court for further proceedings consistent with this opinion.