**Opinion filed April 11, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-23-00018-CR

_____

## MARSHALL WAYNE DILLION WOOLIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. C-22-0809-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Marshall Wayne Dillion Woolis, originally pled guilty to the third-degree felony offense of injury to a child or a disabled individual. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2023). Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for four years. The State subsequently filed a motion to adjudicate Appellant's guilt. At the conclusion of the hearing on the State's motion, the trial court found both allegations in the motion to be "true," adjudicated Appellant guilty of the charged offense, revoked his community

supervision, and sentenced him to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue on appeal, Appellant contends that the Honorable Justin W. Low erred when he did not recuse or disqualify himself from presiding over Appellant's guilty plea and adjudication/revocation proceedings. We affirm.

## I. *Discussion*

### A. *Preservation of Complaint*

Appellant argues that Judge Low committed reversible error because he neither recused nor disqualified himself from presiding over Appellant's guilty plea and adjudication/revocation proceedings. Specifically, Appellant argues that Judge Low should have sua sponte recused or disqualified himself from this case because, while in private practice and before his election to the 161st District Court, he alleges that Judge Low represented Appellant's codefendant whose indictment he contends originated from the same underlying conduct and offenses that resulted in the filing of Appellant's information in this case. We note at the outset that the facts upon which Appellant relies to support his arguments are not contained in either the clerk's or the reporter's records; rather, the purported facts are included in an appendix that is attached to Appellant's brief.

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). In other words, the rules of preservation require that the complaint raised on appeal must first have been presented to and addressed by the trial court. This procedure "provide[s] the trial [court] and opposing counsel an opportunity to address and, if necessary, correct

2

the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)). As such, the arguments raised on appeal must comport with the objections made to the trial court or they are waived. Tex. R. App. P. 33.1 (a)(1)(A); *Dominguez v. State*, 474 S.W.3d 688, 699 (Tex. App.—Eastland 2013, no pet.).

In response, the State contends that Appellant has not preserved his complaint for our review. We agree, in part.

### 1. *Recusal*

In this case, Judge Low presided over Appellant's guilty plea and adjudication/revocation proceedings. The record shows that Appellant never challenged or objected on any ground to Judge Low presiding over either proceeding in the trial court below. Further, the clerk's record is devoid of any timely filed, verified motion to recuse Judge Low from presiding over any portion of Appellant's case. *See* Tex. R. Civ. P. 18a(b)(1)(A) (a motion to recuse must be filed "as soon as practicable" once the complaining party becomes aware of a basis to recuse the trial court). The procedural requirements of Rule 18a of the Texas Rules of Civil Procedure are mandatory and apply equally to criminal cases. *See Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) (citing *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993)); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding). In a criminal case, as in a civil case, the trial court has no duty to recuse if a motion seeking such relief is not timely filed. *De Leon*, 127 S.W.3d at 5 n.3. Such is the case here.

Judge Low was never informed of the recusal complaint that Appellant now raises on appeal; therefore, Judge Low was unable to either address the merits of this issue or to have this matter referred to another judge for determination. Because Rule 18a's procedural requirements are mandatory, and because Appellant did not properly challenge, object, or seek the recusal of Judge Low's participation in this

3

case in the trial court below, he has waived and failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Villa v. State*, No. 12-16-00085-CR, 2016 WL 4098590, at \*1 (Tex. App.—Tyler July 29, 2016, no pet.) (mem. op., not designated for publication) (the appellant's complaint was waived and not preserved for appellate review because the appellant did not object or file a motion to recuse the trial judge); *Hodges v. State*, No. 10-14-00190-CR, 2015 WL 630824, at \*1 (Tex. App.—Waco Feb. 12, 2015, no pet.) (mem. op., not designated for publication) (the appellant's complaint was waived and not preserved for appellate review because the appellant did not file a motion to recuse *or* a motion to disqualify the presiding judge); *Thomas v. State*, 379 S.W.3d 436, 440 (Tex. App.—Amarillo [Panel Op.] 2012, no pet.); *Camp v. State*, No. 06-11-00035-CR, 2011 WL 6774042, at \*1 (Tex. App.—Texarkana Dec. 22, 2011, no pet.) (mem. op., not designated for publication); *Madden v. State*, 911 S.W.2d 236, 239 (Tex. App.—Waco 1995, pet. ref'd).

### 2. *Disqualification*

Unlike recusal, a disqualification complaint may at times be raised for the first time on appeal. *See Johnson v. State,* 869 S.W.2d 347, 349 (Tex. Crim. App. 1994); *Metts v. State*, 528 S.W.3d 818, 820–21 (Tex. App.—Eastland 2017, pet. ref'd) (op. on remand); *Madden*, 911 S.W.2d at 240; *but see Hodges*, 2015 WL 630824, at \*1 (the appellant's complaint that the trial judge "could not be fair and impartial" was waived and not preserved for review because the appellant did not object or file a motion to disqualify the trial judge). This is so because the constitutional and statutory grounds for disqualification are mandatory and exclusive. *See* TEX. CONST. art. V, § 11 (West 2007); TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006); *Whitehead v. State*, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987). Thus, and although Appellant did not

object to or file a motion to disqualify Judge Low in the trial court below, we may nonetheless consider this complaint.

The basis for disqualification must be apparent from the record. For example, a trial judge is disqualified under our constitution from presiding over a judicial proceeding if "[he has] been counsel *in the case*" that is now pending before it. *See* TEX. CONST. art. V, § 11 (emphasis added). A trial judge is also disqualified from presiding over any case in which "he has [previously] been of *counsel for the State or the accused*." *See* CRIM. PROC. art. 30.01 (emphasis added). Further, a trial judge is disqualified from presiding over any portion of a judicial proceeding if "[he has] actively participated in the preparation of the case *against the defendant*" and the same case is now pending before it. *See Gamez*, 737 S.W.2d at 319; *Metts*, 528 S.W.3d at 821 (emphasis added).

Here, the "evidence" relied upon by Appellant to support his arguments on appeal, which we discuss below, shows that Judge Low was neither (1) counsel for either party in the case pending against Appellant in the trial court below, (2) counsel for the State at any stage of the proceedings that were pending against Appellant, nor (3) did he actively participate in the prosecution or preparation of the very case that was being developed against Appellant and over which he ultimately presided. As such, and in light of this "evidence," Appellant cannot establish a basis for Judge Low's disqualification.

B. *The Evidence in the Appellate Record*

Nevertheless, and despite the preservation dilemma discussed above, there is no evidence in the record before us to support Appellant's arguments.

Appellant refers to a variety of documents that he claims support his contentions on appeal. However, the information upon which Appellant relies—his claimed "evidence"—is not included in either the clerk's record or the reporter's record. Instead, Appellant's "evidence" is contained in an appendix that is attached

5

to his appellate brief. Because this "evidence" does not appear in the appellate record, we may not consider it. *See* TEX. R. APP. P. 38.1(h); *see also Thompson v. State*, 612 S.W.2d 925, 929 (Tex. Crim. App. [Panel Op.] 1981); *Garrett v. State*, 566 S.W.2d 605, 608–09 (Tex. Crim. App. [Panel Op.] 1978); *Crotts v. State*, No. 01-15-01108-CR, 2017 WL 3027657, at *1 n.2 (Tex. App.—Houston [1st Dist.] July 18, 2017, pet. ref'd) (mem. op., not designated for publication) (attaching an appendix of documents to an appellate brief does not constitute the formal inclusion of such documents into the record on appeal; therefore, such matters are outside the scope of the appellate record and cannot be considered on appeal).

Accordingly, we overrule Appellant's sole issue on appeal.

## II. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

April 11, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.