**Opinion filed October 23, 2025**



# In The

# Eleventh Court of Appeals

_____

## No. 11-23-00247-CR
_____

## PJ RUSSELL PROCTOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. C-19-0734-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, PJ Russell Proctor, originally pleaded guilty to the second-degree felony offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (West Supp. 2024). Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years. The State subsequently filed a

motion to adjudicate Appellant's guilt. Based on Appellant's pleas of "true" to three of the four allegations in the State's motion, the trial court found those allegations to be "true," adjudicated Appellant guilty of the charged offense, revoked his community supervision, and sentenced him to imprisonment for eighteen years in the Institutional Division of the Texas Department of Criminal Justice. The trial court additionally imposed a $2,050 fine and ordered Appellant to pay $1,175.58 in court costs and $781.22 in reimbursement fees. Finally, the trial court found that Appellant was indigent.

In two issues on appeal, Appellant contends that the Honorable Justin W. Low erred when he (1) did not recuse or disqualify himself from presiding over Appellant's guilty plea and adjudication/revocation proceedings, and (2) failed to inquire as to Appellant's ability to pay his fines on the record. We affirm.

*Analysis*

*Recusal/Disqualification*

In his first issue, Appellant contends that Judge Low committed reversible error because he neither recused nor disqualified himself from presiding over Appellant's guilty plea and adjudication/revocation proceedings. Specifically, Appellant asserts that Judge Low should have sua sponte recused or disqualified himself from this case because, while in private practice and before his election to the 161st District Court, Judge Low allegedly represented Appellant's codefendant whose indictment originated from the same underlying conduct and offenses that resulted in the filing of Appellant's indictment in this case.

We note at the outset that the majority of the documents upon which Appellant relies to support his contention are not contained in either the clerk's or the reporter's records; rather, the purported facts are only included in appendices attached to Appellant's brief. Rule 34.1 of the Texas Rules of Appellate Procedure states that

2

"[t]he appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. "An appellate court cannot consider an item that is not a part of the record on appeal." *Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021) (first citing TEX. R. APP. P. 34.1; then citing *Jones v. State*, 478 S.W.2d 937 (Tex. Crim. App. 1972); and then citing *Martin v. State*, 492 S.W.2d 471, 472 (Tex. Crim. App. 1973)). "We cannot consider documents attached to a brief as an exhibit or appendix which are not part of the appellate record." *Garcia v. State*, 549 S.W.3d 335, 342 (Tex. App.—Eastland 2018, pet. ref'd) (quoting *Viscaino v. State*, 513 S.W.3d 802, 814 (Tex. App.—El Paso 2017, no pet.)). Because the facts upon which Appellant relies for his first issue are not a part of the record, we cannot consider them on appeal. *See Johnson*, 624 S.W.3d at 585.

Even if we were able to consider Appellant's supporting documents for his first issue, the State asserts that Appellant has not preserved his recusal complaint for our review and that he has failed to establish that Judge Low was constitutionally disqualified from presiding over Appellant's guilty plea and revocation proceedings.

Rule 18a(b)(1)(A) of the Texas Rules of Civil Procedure mandates that a motion to recuse under Rule 18b must be filed "as soon as practicable" once the complaining party becomes aware of a basis to recuse the trial court. The procedural requirements of Rule 18a are mandatory and apply equally to criminal cases. *See Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) (citing *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993)); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding). The trial court has no duty to recuse if a motion seeking such relief is not timely filed. *De Leon*, 127 S.W.3d at 5 n.3. Here, the record before us shows that Appellant never challenged or objected on any ground to Judge Low presiding over either his guilty plea or adjudication/revocation proceedings. Further, the clerk's record is devoid of any

timely filed, verified motion to recuse Judge Low from presiding over any portion of Appellant's case. Therefore, Judge Low was never informed of the recusal complaint that Appellant now raises on appeal, and he was unable to either address the merits of this issue or to have this matter referred to another judge for a determination to be made.

Because Rule 18a's procedural requirements are mandatory, and because Appellant did not properly challenge, object to, or seek the recusal of Judge Low's participation in this case in the trial court below, he has waived and failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Thomas v. State*, 379 S.W.3d 436, 440 (Tex. App.—Amarillo [Panel Op.] 2012, no pet.); *Madden v. State*, 911 S.W.2d 236, 239 (Tex. App.—Waco 1995, pet. ref'd); *Villa v. State*, No. 12-16-00085-CR, 2016 WL 4098590, at *1 (Tex. App.—Tyler 2016, no pet.) (mem. op., not designated for publication) (holding that the appellant's complaint was waived and not preserved for appellate review because the appellant did not object or file a motion to recuse the trial judge); *Hodges v. State*, No. 10-14-00190-CR, 2015 WL 630824, at *1 (Tex. App.—Waco 2015, no pet.) (mem. op., not designated for publication); *Camp v. State*, No. 06-11-00035-CR, 2011 WL 6774042, at *1 (Tex. App.—Texarkana 2011, no pet.) (mem. op., not designated for publication.

Unlike recusal, a disqualification complaint may at times be raised for the first time on appeal. *See Johnson v. State*, 869 S.W.2d 347, 349 (Tex. Crim. App. 1994); *Metts v. State*, 528 S.W.3d 818, 820–21 (Tex. App.—Eastland 2017, pet. ref'd) (op. on remand); *Madden*, 911 S.W.2d at 240. This is so because the constitutional and statutory grounds for disqualification are mandatory and exclusive. *See* TEX. CONST. art. V, § 11; TEX. CODE CRIM PROC. ANN. art. 30.01 (West 2006); *Whitehead v. State*, 273 S.W.3d 285, 288 (Tex. Crim. App. 2008); *Gamez v. State*, 737 S.W.2d 315, 318

(Tex. Crim. App. 1987). Accordingly, we may consider a complaint alleging judicial disqualification even though the defendant does not make an objection or file a motion to disqualify the judge from presiding over the case in the trial court below.

The basis for disqualification must be apparent from the record. For example, a trial judge is constitutionally disqualified from presiding over a judicial proceeding if he has "been counsel in the case" now pending before it. TEX. CONST. art. V § 11. A trial judge is also disqualified from presiding over any case in which he has previously "been of counsel for the State or the accused." CRIM. PROC. art. 30.01. Further, a trial judge is disqualified from presiding over any portion of a judicial proceeding if he has "actively participated in the preparation of the case against the defendant," and the same case is now pending before it. *See Gamez*, 737 S.W.2d at 319; *Metts*, 528 S.W.3d at 821.

As in his recusal issue, there is no evidence in the record before us to support Appellant's arguments that Judge Low was disqualified. The "evidence" in the appendices attached to Appellant's brief that Appellant relies on to support his contentions on appeal, with the exception of the indictment and the State's motion to adjudicate in Appellant's case, is not included in the clerk's record or the reporter's record. As we have said, because this evidence does not appear in the appellate record, we may not consider it. *See Johnson*, 624 S.W.3d at 585.

Regardless, the "evidence" Appellant relies on indicates that Judge Low was not (1) counsel for either party in the case pending against Appellant in the trial court below, (2) counsel for the State at any stage of the proceedings that were pending against Appellant, or (3) an active participant in the prosecution or preparation of the very case that was being developed against Appellant and over which he

ultimately presided. As such, Appellant cannot establish a basis for Judge Low's disqualification. We overrule Appellant's first issue.

*Ability-to-Pay Inquiry*

In his second issue, Appellant asserts that the trial court erred when it failed to conduct an ability-to-pay inquiry on the record. Appellant cites to Article 42.15(a-1) of the Code of Criminal Procedure in support of his proposition, which states, in pertinent part:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

CRIM. PROC. art. 42.15(a-1) (West Supp. 2024).

The State responds by asserting that (1) Appellant has inadequately briefed whether Article 42.15(a-1) applies to adjudication of guilt and community supervision revocation proceedings, and (2) even if Article 42.15(a-1) does apply, the record reflects that the trial court made an inquiry into Appellant's ability to pay, thereby satisfying the article's requirements.

We first note that the State is incorrect in its contention that Article 42.15(a-1) does not apply to deferred adjudication and revocation proceedings. This court, as well as several of our sister courts, have applied Article 42.15(a-1) to such proceedings. *See Kendrick v. State*, No. 11-23-00146-CR, 2025 WL 51819, at *1 (Tex. App.—Eastland 2025, no. pet.) (collecting cases).

The Texas Court of Criminal Appeals has recently held that an Article 42.15(a-1) ability-to-pay inquiry is a forfeitable right. *Cruz v. State*, 698 S.W.3d 265, 269, 271 (Tex. Crim. App. 2024). As such, an appellant forfeits his or her right to an ability-to-pay inquiry by not timely objecting to the trial court's failure

6

to do so at or near the time of sentencing. *Id.* at 271. Therefore, because Appellant did not request that an ability-to-pay inquiry be made or object to the lack of an inquiry on the record, he has forfeited his complaint on appeal. *See id.*

Moreover, even if Appellant had preserved this issue for our review, the record contains sufficient evidence of the trial court's inquiry finding and payment determination. The trial court stated on the record that it found Appellant to be indigent, and the judgment stated that, "[a]fter having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above." The judgment further ordered Appellant to, upon release of confinement, "proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

We have consistently held that a trial court's finding of indigency paired with an order to pay assessed fines and costs upon release from confinement is sufficient evidence of the trial court's inquiry finding and payment determination, even if the trial court did not make an explicit inquiry on the record. *See Polanco v. State*, 690 S.W.3d 421, 434–35 (Tex. App.— Eastland 2024, no pet.); *Calicutt v. State*, No. 11-22-00295-CR, 2024 WL 3528145, at *2–3 (Tex. App.—Eastland 2024, no pet.). Accordingly, because Appellant has not challenged the trial court's determination of when he is to pay the assessed fine, remanding this cause to the trial court for the sole purpose of reiterating the trial court's determination is unnecessary and would constitute a waste of judicial resources. *See Polanco*, 690 S.W.3d at 435 & n.5. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


October 23, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.