**Opinion filed August 14, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00269-CR

_____

## BRIAN LUKE JACOBS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 17310**

## O P I N I O N

Pursuant to a plea agreement, Appellant, Brian Luke Jacobs, pleaded guilty to possession of methamphetamine in the amount of four grams or more but less than 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2024). In accordance with the plea agreement, Appellant was sentenced to ten years' incarceration, his sentence was suspended, and he was

placed on community supervision for a period of five years. Eight months later, the State filed a motion to revoke Appellant's community supervision. Following a hearing on the State's motion, the trial court found that Appellant had violated certain terms and conditions of his community supervision, revoked Appellant's community supervision, and assessed his punishment at ten years' imprisonment.

In his sole issue on appeal, Appellant contends that the trial court refused to consider the full range of punishment prior to imposing the maximum sentence. We modify and affirm.

## I. *Factual and Procedural History*

Appellant pleaded guilty on May 11, 2022. On January 17, 2023, the State filed a motion to revoke Appellant's community supervision. In its first amended motion filed on June 14, 2023, the State alleged that Appellant had (1) committed a new offense of aggravated assault with a deadly weapon on or about May 24, 2023; (2) failed since July 2022 to report to his community supervision officer as directed; (3) failed to perform his community service; (4) failed to attend, participate in, and successfully complete the recommended course of treatment program; and (5) failed to attend Alcoholics/Narcotics Anonymous meetings; (6) failed to participate in the Intensive Supervision Program; and (7) failed to pay for drug screening, court costs, and fees. At the hearing on the State's first amended motion, Appellant pleaded "not true" to all the allegations, and the following testimony was elicited.

Deputy JR Patterson with the Palo Pinto County Sheriff's Department testified that on May 24, 2023, he was attempting to execute an arrest warrant for Appellant at Appellant's residence, issued after the State filed its initial motion to revoke Appellant's community supervision. Appellant was in the front yard, and upon making eye contact with Deputy Patterson, Appellant fled and "barricaded" himself inside his home.

Mineral Wells Police Department Officer Mark Glover testified that he arrived at Appellant's residence to assist Deputy Patterson in executing the warrant and that he accompanied Deputy Patterson to the back of the residence. It was then that Officer Glover made contact with an elderly man later identified as Appellant's father, who invited Officer Glover inside the residence to speak with Appellant. Just as Officer Glover received permission to enter the residence, he overheard an individual inside say, "D--n it, dad." Officer Glover stepped inside to find Appellant, approximately ten to fifteen feet away, holding a silver revolver, pointed directly at him. Officer Glover testified that he immediately exited the residence, unholstered his weapon, and informed the other officers that Appellant was armed.

Under the guidance of the Texas Rangers and a Texas Department of Public Safety negotiator, Deputy Patterson spoke with Appellant on the phone. Appellant made several demands during the phone call, including a request for transport to anywhere other than the Palo Pinto County Jail. After over two hours of negotiations, Appellant exited the residence and was arrested without further incident. Officer Glover confirmed that the handgun recovered from inside Appellant's residence following Appellant's arrest was the same handgun that Appellant had pointed at him.

Palo Pinto County Probation Department Officer Rauni Whisenant testified that he had reviewed Appellant's community supervision conditions with Appellant on the day Appellant originally entered into the plea agreement. According to Whisenant, Appellant made an initial payment of $100 toward his community supervision fees and court costs in early June 2022, and Appellant "reported the first couple of times." However, Appellant had failed to make any payments since then, and he last reported on June 24, 2022. Whisenant additionally testified that Appellant had not completed any court-ordered community service, nor had he

attended Alcoholics/Narcotics Anonymous meetings or the intensive supervision program as ordered. Appellant was also enrolled in an outpatient treatment program, which he did not attend and was unsuccessfully discharged from.

After hearing the evidence, the trial court found all the allegations to be "true," revoked Appellant's community supervision, and sentenced Appellant to ten years' imprisonment. This appeal followed.

## II. *Discussion*

Appellant argues that the trial court violated his due process rights by failing to consider the full range of punishment and imposing a sentence of ten years' imprisonment.

### A. *Standard of Review and Applicable Law*

We review Appellant's claim that, at the time that his community supervision was revoked, the trial court abused its discretion in failing to consider the full range of punishment. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *see generally* TEX. CODE CRIM. PROC. ANN. art. 42A.751(d) (West Supp. 2024).

Due process requires a hearing before a neutral and detached judge who considers the full range of punishment. *Grado*, 445 S.W.3d at 739. A trial court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Id.* However, a trial court may consider non-arbitrary factors, and we presume that the trial court considered the full range of punishment absent evidence to the contrary. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *see also Dominguez v. State*, No. 07-24-00106-CR, 2025 WL 609198, at *6 (Tex. App.—Amarillo Feb. 25, 2025, no pet.) (mem. op., not designated for publication) (applying the presumption where the appellant argued the trial court failed to consider the full range of punishment following revocation proceedings); *Newman v. State*, No. 11-22-00076-CR, 2024 WL 847671, at *4 (Tex. App.—Eastland Feb. 29,

2024, no pet.) (mem. op., not designated for publication) ("[I]n the absence of partiality by the trial court or a clear showing of bias, we must presume that the trial court was both fair and impartial.").

B. *Preservation*

At the outset, we address the State's argument that Appellant failed to preserve his issue for review. *See Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016) ("Preservation of error is a systemic requirement."). While several intermediate appellate courts have previously held that a defendant must preserve a complaint that the trial court failed to consider the full range of punishment,[1] these cases predate the Court of Criminal Appeals' controlling decision in *Grado*. *See Grado*, 445 S.W.3d at 736. In *Grado*, the Court of Criminal Appeals analyzed whether an appellant's claim that the trial court failed to consider the full range of punishment in a revocation proceeding required a timely objection to preserve error for appellate review. *Id.* The court held that it did not. *Id.* The court stated that the right to be sentenced by a judge who considers the full range of punishment is a category two right under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), and while "waivable," the right is not forfeitable. *Id.* at 739–40. We have followed *Grado*. *See, e.g.*, *Metts v. State*, 528 S.W.3d 818, 820 (Tex. App.—Eastland 2017, pet. ref'd) (recognizing that "[i]n *Grado*, the Court of Criminal Appeals reviewed the defendant's claim that his right to have a judge consider the full range of

---

[1]*See Akers v. State*, No. 14-12-00422-CR, 2013 WL 507245, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. ref'd) (mem. op., not designated for publication); *Guilbeau v. State*, No. 06-10-00140-CR, 2011 WL 1458701, at *1 (Tex. App.—Texarkana Apr. 18, 2011, pet. ref'd) (mem. op., not designated for publication); *Cochran v. State*, No. 12-09-00167-CR, 2010 WL 3432664, at *1 (Tex. App.—Tyler Aug. 31, 2010, no pet.) (mem. op., not designated for publication); *Schellenberg v. State*, No. 03-09-00377-CR, 2010 WL 2428093, at *1 (Tex. App.—Austin June 17, 2010, no pet.) (mem. op., not designated for publication); *Garza v. State*, No. 13-08-00244-CR, 2009 WL 2914470, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2009, no pet.) (mem. op., not designated for publication); *Hurrell v. State*, No. 09-04-204-CR, 2005 WL 615846, at *1 (Tex. App.—Beaumont Mar. 16, 2005, no pet.) (mem. op., not designated for publication).

punishment was a right that was not subject to procedural default"); *Newman*, 2024 WL 847671, at \*3–6; *Licon v. State*, No. 11-17-00221-CR, 2020 WL 373093, at \*2 (Tex. App.—Eastland Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication).

Although *Grado* concerned a fact pattern not before us—the trial court relied on the incorrect range of punishment—several sister courts have since applied *Grado* to cases where, like here, the trial court was not mistaken about the range of punishment that it was required to consider. *See Grado*, 445 S.W.3d at 741 ("In the absence of a defendant's effective waiver, a judge has an independent duty *both* to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries *and to consider the entire range of punishment in sentencing a defendant* irrespective of a defendant's request that he do so.") (emphasis added); *see, e.g.*, *Ray v. State*, No. 14-22-00286-CR, 2023 WL 4571960, at \*3 (Tex. App.—Houston [14th Dist.] July 18, 2023, no pet.) (mem. op., not designated for publication) (applying *Grado* for the proposition that a criminal defendant has the right to challenge whether the trial court considered the full range of punishment absent an express waiver of that right); *Thompson v. State*, No. 12-21-00072-CR, 2021 WL 5118388, at \*3 n.3 (Tex. App.—Tyler Nov. 3, 2021, pet. ref'd) (mem. op., not designated for publication) (same); *Taylor v. State*, No. 09-19-00171-CR, 2020 WL 6472684, at \*3 (Tex. App.—Beaumont Nov. 4, 2020, no pet.) (mem. op., not designated for publication) (same); *Evans v. State*, No. 06-19-00260-CR, 2020 WL 912756, at \*1 (Tex. App.—Texarkana Feb. 26, 2020, no pet.) (mem. op., not designated for publication) (same); *Bowie v. State*, No. 02-16-00379-CR, 2017 WL 2806320, at \*2 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication) (same); *Parker v. State*, No. 03-15-00369-CR, 2016 WL 3974584, at \*3 n.2 (Tex. App.—Austin July 20, 2016, no pet.) (mem. op., not

designated for publication) (same); *Pena v. State*, No. 13-14-00291-CR, 2015 WL 3634463, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

We conclude that Appellant may raise this issue for the first time on appeal as no affirmative waiver appears in the record. *See Grado*, 445 S.W.3d at 741.

C. *Analysis*

Appellant was convicted of possession of methamphetamine in an amount of four grams or more but less than 200 grams, a second-degree felony punishable by imprisonment for a term of not less than two years and not more than twenty years. *See* HEALTH & SAFETY § 481.115(d); TEX. PENAL CODE ANN. § 12.33 (West 2019). Under the terms of the plea agreement, the trial court was authorized to impose a sentence of no more than ten years' imprisonment. As noted above, Appellant was sentenced to ten years' imprisonment.

In support of Appellant's contention that the trial court arbitrarily refused to consider the full range of punishment, he cites (1) the absence of any express statement by the trial court indicating that the court, in fact, considered a sentence of less than ten years, and (2) the trial court's post-sentencing remarks:

> And you also have a right to appeal the sentence that I have imposed this morning. *But the sentence itself is within the parameters of your original judgment of conviction. So I was limited to, in that regard, to 10 years.* You have a retained attorney. So [defense counsel] will perfect that appeal, if that is what you desire to do.

(Emphasis added). On its face, we do not interpret these remarks as evidence that the trial court failed to consider the full range of punishment. *See, e.g., Reyna v. State*, No. 07-24-00241-CR, 2025 WL 655896, at *3 (Tex. App.—Amarillo Feb. 27, 2025, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that the trial court's statement "the court sentences you according to the plea agreement to the underlying sentence of ten years['] confinement in the

7

[I]nstitutional [D]ivision of the Texas Department of Criminal Justice" showed that the trial court did not consider the full range of punishment). Rather, the trial court was merely acknowledging the parameters of the plea agreement.

Further, nothing in the record suggests that the trial court failed to consider the full range of punishment. *Cf. Ex parte Brown*, 158 S.W.3d 449, 451–52, 454–57 (Tex. Crim. App. 2005) (holding that appellant was denied due process when the trial court promised imprisonment of twenty-years if appellant failed to abide by the terms of his deferred probation and later imposed the predetermined punishment at an adjudication hearing); *Cabrera v. State*, 513 S.W.3d 35, 39 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding appellant was denied due process where the trial court told appellant that if he exercised his right to a jury trial in a misdemeanor case, he should not be "under any illusion" that he would receive a thirty-day sentence; the trial court's statement "clearly indicat[ing]" that the court arbitrarily refused to consider a portion of the permissible range of punishment).

Here, the trial court heard testimony at Appellant's revocation hearing about how Appellant had violated several conditions of his probation, namely, how Appellant had failed to report to his community supervision officer; pay the required fees; complete community service hours; attend AA/NA meetings, or participate in any of the treatment programs as ordered. The trial court also heard evidence that Appellant had committed a new offense—aggravated assault with a deadly weapon against a law enforcement officer—while on community supervision. *See Brumit*, 206 S.W.3d at 645; *see also Cumbie v. State*, No. 12-21-00161-CR, 2022 WL 2374642, at *4 (Tex. App.—Tyler June 30, 2022, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court considered the full range of punishment when it heard testimony from witnesses during the sentencing hearing and did not make any statements indicating a failure to consider the full range of

punishment); *Meighen v. State*, No. 11-11-00259-CR, 2012 WL 3799664, at *4 (Tex. App.—Eastland Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication) (holding the same because there was "nothing in this record to demonstrate that the trial court did not consider the full range of punishment").

Appellant cites no authority, and we have found none, requiring a trial court to make an express statement that it considered the full range of punishment prior to assessing punishment. *See Newman*, 2024 WL 847671 at *4. Moreover, we presume that the trial court considered the full range of punishment unless the record affirmatively shows otherwise, which it does not. *See Brumit*, 206 S.W.3d at 644–45; *see also Smith v. State*, No. 05-24-00037-CR, 2025 WL 1106097, at *3 (Tex. App.—Dallas Apr. 14, 2025, no pet.) (mem. op., not designated for publication) ("Absent a clear showing to the contrary, we presume the trial court considered the full range of punishment."); *Newman*, 2024 WL 847671, at *4 (same). Accordingly, we overrule Appellant's sole issue. *See Brumit*, 206 S.W.3d at 644–45.

## IV. *Modification*

We have the authority to modify and reform judgments when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Smith v. State*, No. 11-22-00224-CR, 2024 WL 628920, at *4 (Tex. App.—Eastland Feb. 15, 2024, no pet.) (mem. op., not designated for publication) ("This court's power to modify a judgment is 'not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.'" (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd))).

The judgment here lists the statute for the charged offense as "481.115(d) Penal Code." However, Appellant was indicted and convicted of possession of a

controlled substance in the amount of four grams or more but less than 200 grams pursuant to the Texas Health and Safety Code. *See* HEALTH & SAFETY § 481.115(d). Accordingly, we modify the trial court's judgment in the section entitled "Statute for Offense" to replace "Penal Code" with "Health & Safety Code."

## V. *This Court's Ruling*

We affirm the judgment of the trial court as modified.

W. BRUCE WILLIAMS

JUSTICE

August 14, 2025

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.